IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CHRISTOPHER ALLEN MOORE**                                        **PLAINTIFF**

**V.**                                                     **CIVIL ACTION NO. 3:20-CV-241-SA-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT**

**MEMORANDUM OPINION**

The plaintiff, Christopher Allen Moore seeks judicial review of the Social Security Administration's decision denying his application for Social Security Disability and Supplemental Security Income. The plaintiff asserts the Administrative Law Judge (ALJ) erred in relying on the testimony of a vocational expert that conflicted with restrictions in the plaintiff's residual functional capacity (RFC). He also argues the ALJ failed to properly consider all the evidence in assessing his physical and mental RFC. The court having reviewed and considered the record, briefs and oral argument and having considered the applicable regulations and case law in this matter, finds that the decision of the Commissioner of Social Security should be reversed and remanded for further proceedings.

**FACTS**

The plaintiff, Christopher Allen Moore, filed for benefits on February 7, 2018, alleging onset of disability commencing on February 5, 2018. The plaintiff alleges he has been disabled based on neurocognitive impairments resulting from a stroke. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ

issued an unfavorable decision on January 14, 2020. (Dkt. 9 p.19-35).[1] The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the plaintiff has a severe neurocognitive disorder and residual effects of a cerebral vascular accident. The ALJ found he could perform light work, including lifting or carrying twenty pounds occasionally and ten pounds frequently. He can stand, walk, or sit for six hours out of an eight-hour workday. He can occasionally climb stairs and ramps but never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crawl, or crouch. He can occasionally reach overhead with his left arm. Moore must avoid even moderate exposure to unprotected heights and moving machinery. He can understand, remember, and carry out very short, simple instructions. He can sustain concentration, persistence, and pace for two-hour blocks of time and make simple work-related decisions. He can occasionally interact with co-workers, supervisors, and the general public. He can adapt to occasional changes in the workplace and needs to use a cane to ambulate.

The ALJ determined the plaintiff could not perform any past relevant work, but found, based on the testimony of the vocational expert that there were other jobs in the national economy that would fit within his RFC. The ALJ found that the claimant could work as an inspector (DOT number 715.687- 058) with 7,100 jobs nationally, as a sealer (DOT number 559.687- 0140 with 8,400 jobs nationally, and as a table worker (DOT number 739.687- 182) with 8,000 jobs nationally.

## **DISCUSSION AND ANALYSIS**

The plaintiff alleges prejudicial error in the VE's assessment of jobs the plaintiff could perform and that the ALJ failed to properly evaluate all the evidence. The plaintiff argues that

---

[1] The administrative record is Docket 9. Unless otherwise indicated, all references are to the administrative record. The page cites are to the court's numbering system, rather than the administrative numbering.

the RFC limitation to occasional overhead reaching did not adequately address his impairment given the evidence of left-sided weakness resulting from his stroke. He also argues the ALJ failed to include a limitation in the mental RFC based on Moore's need for supervision to maintain work performance.

## **VOCATIONAL EVIDENCE**

The ALJ in this case found the plaintiff must avoid even moderate exposure to moving machinery. Notwithstanding this restriction, the vocational expert testified that Moore could work as a table worker. According to the DOT description of this job, a table worker "examines squares (tiles) of felt-based linoleum material passing along on conveyor and replaces missing and substandard tiles." The ALJ asked whether there was a conflict between the VE's testimony and the DOT description and the VE incorrectly advised there was no conflict. This is however a clear conflict. This job would place the claimant near moving machinery, per the DOT, when the ALJ said he should avoid even moderate exposure to such machinery. The Commissioner in his brief concedes Moore cannot do this job. This leaves two jobs the Commissioner contends Moore can perform, with just 7,100 inspector jobs and just 8,400 ampoule sealer jobs, or a total of 15,500 jobs.[2]

The plaintiff argues the ALJ's decision, finding a significant number of jobs Moore can perform is not supported by substantial evidence. Specifically, the plaintiff argues that because the VE provided one job the plaintiff clearly could not perform, the VE's remaining suggestions are not reliable.

---

[2] The plaintiff challenged the ampoule sealer job because it may include working around machinery that steams and seals ampoules, but the Commissioner's brief provides DOT information on the machines used in ampoule sealing that shows these machines do not expose workers to any moving parts. 559-687-014 Ampoule Sealer.

3

Recently, the court agreed with this argument in *Hardy v. Comm'r. of Social Security*, 2021 WL 2695354 (N.D, Miss. June 30, 2021), adopting the reasoning in *Buggs v. Saul*, Civil Action No. 3:20-cv-68-RP (N.D. Miss. Oct. 28, 2020) and *Goliday v. Saul*, Civil Action No. 3:20-cv-228-DMB-RP (N.D. Miss. May 21, 2021), *report and recommendation adopted* (N.D. Miss. June 15, 2021). In *Hardy*, the court found the testimony of the VE was unreliable because he included two obsolete jobs in his list of three jobs the plaintiff could perform. In that case, this court declined, because of the flawed VE testimony, to find that 21,000 food and beverage clerk jobs were a significant number of jobs. *Hardy,* 2021 WL 2695354, at *4. The court cannot reach a different conclusion in this case. The VE's testimony in this case is unreliable as to one job and the remaining two jobs in the VE's testimony provide just 15,500 jobs nationwide. Because of the erroneous VE testimony, the court finds the decision is not supported by substantial evidence and must be reversed.

## **EVALUATION OF EVIDENCE**

Next, the plaintiff argues the ALJ failed to properly consider all the evidence when he formed the RFC. He makes two arguments under this assignment.

First, the plaintiff argues the ALJ improperly failed to account for his mental impairments. The ALJ found the opinion of the state agency psychological consultants persuasive but did not incorporate all the limitations listed in those opinions. Specifically, the DDS psychologist found that Moore would require "moderate levels of supervision" to maintain his work performance. However, the fact that the ALJ found the opinion persuasive does not obligate the ALJ to incorporate every limitation suggested by the report, nor do the regulations require the ALJ to expressly address the persuasiveness of every opinion within every report. 20 C.F.R. § 404.1520c. ("[W]hen a medical source provides multiple medical opinion(s) or prior

administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually.")

Additionally, the ALJ found the opinions of Dr. Michael Whelan, a consulting examiner, to be persuasive and expressly relied on those opinions in formulating the mental RFC. Whelan found that Moore had a mild neurocognitive disorder and probably a mild depressive reaction. He found that Moore's social skills were good and that while he had some memory impairment, he was competent to manage his money and take care of his own personal needs. Whelan's opinion does not include a similar suggestion that Moore would need close supervision at work.

After looking at the entire record, it is clear there is conflicting evidence both to support the restriction the plaintiff suggests and to reject that restriction. Because it cannot reweigh the evidence or substitute its judgment for that of the ALJ, the court must therefore affirm the finding as supported by substantial evidence,

The plaintiff also asserts that the ALJ, having acknowledged that Moore suffered from left-sided weakness because of the stroke, erred in restricting his RFC only to occasional overhead reaching with the left arm. Again there is conflicting evidence. There is the left-sided weakness, which the ALJ's opinion acknowledges, but there are notes of medical examiners that Moore had good manual dexterity. Again, it is the ALJ's duty and prerogative to choose between the conflicting evidence to assess the RFC, and because this part of the decision is supported by substantial evidence, it cannot be disturbed on appeal.

Accordingly, because the ALJ relied on flawed testimony from the VE, the case must be reversed and remanded to address whether there are significant numbers of jobs the plaintiff can perform.

This the 7th day of July, 2021.

/s/ **David A. Sanders**
**U.S. MAGISTRATE JUDGE**